UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HAROLD D. GREEN, JR.,

    *Plaintiff*,

  v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 825,

    *Defendant*.

No. 23-cv-04286 (MEF)(SDA)

**OPINION AND ORDER**

\*   \*   \*

For the purposes of this brief Opinion and Order, the Court assumes familiarity with this case.

\*   \*   \*

The relevant allegations, for now, are as follows.[1]

At a job site, two workers interacted with each another. See Second Amended Complaint (ECF 32) ("Complaint") at 3. One worker directed a racial slur at the other. See id. The first worker was represented by a particular labor union. See id. The second worker was not. See id.

\*   \*   \*

The non-union worker, referred to from here as "the Plaintiff,"[2] sued the labor union, referred to from here as "the Defendant."[3]

The Plaintiff brought two claims --- one under Title VII of the

---

[1] Because this is a motion to dismiss, the Court must treat all of the allegations as true. See McTernan v. City of New York, 577 F.3d 521, 526 (3d Cir. 2009).

[2] Harold D. Green, Jr.

[3] International Union of Operating Engineers Local 825.

Civil Rights Act of 1964, and another under 42 U.S.C. § 1981. See id. at 2.

The gist of his claims: the discrimination he experienced caused emotional distress and physical symptoms. See id. at 3-4.

The Defendant now moves to dismiss. See Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint at 6-12.

The motion is granted.

\*   \*   \*

The Plaintiff is proceeding pro se, and the Court therefore "construe[s] the complaint liberally." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).

But "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013).

And that means that the Plaintiff's allegations must add up to a "plausible" claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

\*   \*   \*

In relevant part, the Complaint has only an allegation that a member of the Defendant-union said something discriminatory --- a racial slur --- to the Plaintiff. See Complaint at 3.

But there is no suggestion in the Complaint that the Defendant-union was itself involved in the incident in any way. No claim, for example, that the Defendant-union ignored the alleged discrimination, encouraged it, facilitated it, or even was aware of it.

That is not enough to state a claim. See, e.g., Betts v. Summit Oaks Hosp., 687 F. App'x 206, 207 (3d Cir. 2017) (Title VII); Connelly v. Lane Constr. Corp., 809 F.3d 780, 787-88 (3d Cir. 2016) (Title VII); Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 & n.7 (3d Cir. 2003) (Title VII); Carvalho-Grevious v. Del. State Univ., 851 F.3d 249, 256-57 (3d Cir. 2017) (Section 1981); Brown v. J. Kaz, Inc., 581 F.3d 175, 181-82 (3d Cir. 2009) (Section 1981).

To be sure, the Plaintiff adds a bit more information in his briefing. There, for example, he says the Defendant-union did not take meaningful action in the wake of the alleged

discrimination, which "allowed a hostile work environment to continue." See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss at 4.

But factual assertions contained in a legal brief do not count. They must be in the complaint. See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988).

And standing alone, the Complaint here is sparse --- and does not add up to a "plausible" claim against the Defendant-union.

The Defendant's motion to dismiss, see ECF 36, is granted. Should the Plaintiff wish to replead, he shall seek leave to do so from the United States Magistrate Judge.

IT IS on this 6th day of June, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.